By the Court:

Spencer, J.
The learned judge who made the decision, upon which the order appealed from was made, states in his opinion that if the defendants’ attorney appeared before Hr. Justice HcCunn, and argued the motion to vacate the order of arrest, upon the report of the referee, that the decision of Hr. Justice *732 McCunn, and the order entered thereupon, cannot be reviewed at Special Term, on a motion to vacate the same. That the remedy of the person aggrieved was by appeal. That the question as to whether the defendants’ attorney did so appear was a contested one. The defendants’ attorney in his affidavit stating that he did not, and the affidavit of the plaintiff’s attorney, and also the order entered, stating that he did so appear, and Mr. Justice Jones holding that the weight of evidence being clearly in favor of the appearance and argument without protest, or preliminary objection, he decides that the facts warrant his decision against the motion to vacate the order.
I think that the decision upon the facts at the Special Term upon this motion were clearly within the judgment and discretion of the justice holding the same, and cannot be reviewed by the appellate court.
I am also of the opinion that his conclusion of law upon the facts was also correct, and should be affirmed. The defendants’ attorney was not bound, by the rules and practice of this court at the time, to go before Mr. Justice McCunn, on this notice, and submit to the hearing of the same before him; yet if he did so, and argued the motion upon the merits, without protest, the said justice was authorized to entertain said motion, and to hear and decide the same. All the parties interested consented, by their action in the premises, that this motion should be heard before Mr. Justice McCunn, as if he was holding the regular Special Term, and thereby waived all irregularities. It has been held by several learned justices in the Supreme Court, and other courts of this State, that an order made at one Special Term, or by one judge, could be vacated and the subject-matter heard and decided at another Special Term, held by a different justice, thus substantially causing the decision of one judge to be reviewed by another judge of the same court. Whatever may be the power or authority for such a proceeding, it is in my opinion bad in practice, and the cases where the power is exercised should be very extreme and exceptional, and I believe this practice has never been tolerated in this court. I think I can speak for myself and asso *733 dates when I say that we feel bound to sustain and to abide by the dedsion of any one of the judges of this court, when acting within his power and jurisdiction as a judge, until the same shall be reversed by the General Term. A late decision of Mr. Justice Cardozo, at a Special Term of the Supreme Court of this district, to this effect, meets with my full and cordial approval.
The late amendment to the constitution, and the changes in the organization of the Supreme Court and the Court of Appeals of this State, will afford an opportunity to the judges of the courts of this State to establish an improvement in the practice of our courts, by securing uniformity and agreement in their decisions upon the practice, and by removing the evils of uncertainty therefrom, which has arisen from -the diversity of opinion among the judges upon the same points.
This court has lately adopted some rules (Rules 6, 7, 8 and 10, of March, 1870), in regard to the notice and hearing of motions, that very plainly inform the members of the bar that no contested motions will be entertained nor heard except at the regular Special Term, unless differently ordered by the judge holding such Special Term.
Rule thirty-two does not apply to this kind of report of a referee. The order of the Special Term should be affirmed with costs.